ACCEPTED
01-14-1004-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/16/2015 11:47:24 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01004-CV

| | | |
|---|---|---|
| Kevin Leroy Campbell, | § | IN THE FIRST |
| Appellant, | § | |
| | § | |
| v. | § | COURT OF APPEALS |
| | § | |
| M. Brandon Maggiore, Guardian Ad Litem, | § | |
| Appellee. | § | HOUSTON, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/17/2015 2:16:00 PM
CHRISTOPHER A. PRINE
Clerk

## APPELLEE M. BRANDON MAGGIORE'S OBJECTION TO APPELLANT'S MOTION TO WAIVE OR ABATE  THE FILING FEE UNTIL THE INDIGENCE HEARING

Appellee asks this Honorable Court to deny Appellant's Motion to Waive or Abate the Filing Fee Until the Indigence Hearing (hereinafter "Motion to Abate") and will respectfully show this Court the following:

1. Appellee disagrees with both the facts alleged in paragraph one of the Motion to Abate and the Exhibit attached thereto as "Exhibit A." Exhibit A shows that the alleged filing was not served on anyone besides Veronica L. Davis, and consequently the contents are not subject to verification by Appellee.

2. An Affidavit of Indigence was filed by Veronica L. Davis on December 31, 2014. R. 134-35.

3. A timely contest to the Affidavit of Indigence was filed on January 6, 2015 by Appellee, M. Brandon Maggiore, Guardian Ad Litem. Supp. R. 59-67, 59.

4. On January 13, 2015 at 11:59:01 P.M., Veronica L. Davis filed a motion to recuse the Honorable Kimberly Sullivan. This motion was filed after a hearing on the Affidavit of Indigence was set by the Court, thereby preventing the hearing on the Affidavit of Indigence from taking place as scheduled.

5. On January 15, 2015, a motion to extend the deadline for the hearing on the Affidavit of Indigence was filed by M. Brandon Maggiore. This motion was granted.

6. An Affidavit of Indigence must be filed in the Trial Court for an appeal. Tex. R. App. P. 20.1(c)(1).

7. Appellant's prayer for relief improperly asks this Honorable Court to find that "no fee is due and owing" because an Affidavit of Indigence was filed. This request is in direct contradiction to Texas Rules of Appellate Procedure regarding an Affidavit of Indigence for an appeal. Tex. R. App. P. 20.1(i) *See also*, Tex. R. App. P. 20.1(c)(1). The decision regarding the indigene of a party on appeal must be decided in the trial court. *Id.*

8. Appellee does not believe an abatement of the filing fee is necessary given the delay caused by Appellant and the income and assets of the Ward, both of which will be argued during the hearing on the contest to the Affidavit of Indigence in the Trial Court. It should be noted that the Supplemental Record contains an affidavit of the Permanent Guardian of the Person and Estate of the Ward. Supp. R. 66-67. This

affidavit, dated January 6, 2015, shows 1) the Ward receives $1,266.00 per month in Social Security benefits, which are paid directly to the assisted living facility in which he resides; 2) the Ward receives a monthly pension in the amount of $612.60; 3) the Ward had $612.60 cash on deposit on December 31, 2014, the same date the Affidavit of Indigence was filed in the Trial Court; and 4) the Ward owns real property that has an assessed value of $83,210.00.

9. Appellee prays that this Honorable Court deny Appellant's request to find that "no fee is due and owing" and that this issue be left to the sound judgment of the Trial Court. Appellee further prays that this Honorable Court not abate the due date for payment so that this appeal can proceed in a timely manner. Appellee further prays that if all fees are abated then all other dates, deadlines, and actions of this Honorable Court continue in full force and effect.

Respectfully submitted,

M. Brandon Maggiore
State Bar No.: 24078901
Maggiore Law Firm, PLLC
PO Box 102517
Denver, CO 80250
Telephone: (713) 239.3347
Facsimile: (713) 581.1894
brandon@maggiorelawfirm.com

GUARDIAN AD LITEM FOR LONNIE PHILLIPS, JR., AN INCAPACITATED PERSON